Zimmerman, J.,
 

 concurring. In my opinion, these*
 

 cases are close ones on the facts. However, there is evidence of a persuasive nature to sustain the findings and orders of the commission and this court has often said that where findings and orders of the commission are based on substantial evidence, the court will not interfere by substituting its judgment for that of the commission.
 

 As I view the matter the orders of the commission herein cannot be denoted as unreasonable or unlawful within the purview of Section 544, General Code.-
 

 The writer entertains. no prejudice against commercial motor carriers, but in these days, when it is a
 
 *347
 
 matter of common knowledge that the public thoroughfares of the state are inadequate, overburdened and overcrowded, the commission should exercise care and discernment in granting the applications of motor carriers to use these avenues of travel.
 

 After all, the public interest is always paramount and that interest is not limited to those furnishing motor transportation for hire and to those desiring such transportation, but embraces a much wider field.
 

 For instance, there are other travelers by motor vehicle using the highways of the state for business and pleasure who contribute toward the construction and upkeep of such highways and who are entitled to consideration. The safety, welfare and convenience of these people are matters for concern and recognition.
 

 Should the commission become lax or indifferent and by its actions allow the highways to be used by commercial motor carriers which are not reasonably necessary to meet actual transportation demands, the public interest would most certainly be adversely affected thereby.